UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

Keath B. Bartynski

    *Plaintiff,*                      Case No.
                                         Judge

v

City of Highland Park,
a municipal corporation

    *Defendants*.

_____/

Robin H. Kyle P33330
Attorney For Plaintiff
1701 Balmoral Dr                         .
Detroit, Michigan 48203
Off. 313-826-0155
Cell: 313-492-2691
robinhkyle@comcast.net

_____/

**COMPLAINT & DEMAND FOR TRIAL BY JURY**

    Now comes the Plaintiff, Keath B. Bartynski, (hereinafter Plaintiff) by and through his undersigned attorney Robin H. Kyle and for his Complaint against Defendant states as follows:

**THE PARTIES**

    **1.**    Plaintiff was at all relevant times herein alleged an individual who resided in the city of Allen Park County of Wayne and State of Michigan.

    **2.**    Plaintiff was a police officer employed as a sergeant with the Defendant's police department.

    **3.**    Plaintiff was hired as a police officer by Defendant in approximately May of 2015

4. Defendant is a municipal corporation exercising its functions within the boundaries of the city of Highland Park Michigan in the County of Wayne

## JURISDICTION

5. This matter is properly within the jurisdiction and venue of The United States District Court for the Eastern District of Michigan, Southern Division. This action involves a claim arising under the United States Constitution and laws of the United States.

6. This action involves inter-alia, claims under 42 U.S.C. §1983, and an alleged deprivation of Plaintiff's constitutional rights to liberty and property under the Fourteenth Amendment of the United States Constitution. This Court is therefore vested with proper subject matter jurisdiction pursuant to 28 USC §1343(a)(3).

## GENERAL ALLEGATIONS

7. Plaintiff at all relevant times had a liberty and property interest in his position as a police sergeant with the Defendant's Highland Park Police Department.

8. Those interest are protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, to wit: Plaintiff's choice of career and occupation. See Wilkerson v. Johnson, 699 F.2d 325, 328 (6th Cir. 1983) ("Liberty and property interests are intricately related in our system of political economy, a system based on free choice of careers and occupations, private property, and the right to compete.").

9. Plaintiff was deprived of those protected interest by Defendant when Defendant made Plaintiff's working environment hostile, and imposed disparate working conditions on Plaintiff based upon his race as a Caucasian.

10. Defendant did not afford Plaintiff any adequate procedural rights prior to depriving Plaintiff of the liberty and property interest, and in any event no process would be adequate for the

Defendant to legally implement the hostile, and disparate working conditions on Plaintiff as herein alleged. See Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999).

11. Plaintiff's rights under the Fifth and Fourteenth Amendments' guarantee of `due process of law' were violated by Defendant when Defendant infringed upon Plaintiff's fundamental' liberty interests in his continued employment in a racially non-hostile working environment as a sergeant in Defendant's police department.

12. The Sixth Circuit "has recognized that the Constitution protects a person's choice of careers and occupations." Women's Medical Professional Corp. v. Baird, 483 F. 3d 595, 612 (6th Cir. 2006) (citing Wilkerson v. Johnson, 699 F. 2d 325, (6th Cir. 1983) ("Liberty and property interests are intricately related in our system of political economy, a system based on free choice of careers and occupations, private property, and the right to compete.")).

13. Plaintiff at all relevant times had "the right to be free from" [Defendant's unauthorized] harassment actions which substantially impaired Plaintiff's freedom and property interest in his continued employment. See Green v McElroy, 360 U.S. 474, 492 n. 22 (1959); Bright v Gallia Cnty 753 F.3d 639, 652 (6th Cir 2014).

14. At all times herein alleged Defendant acted under color of state law. The conduct and constitutional violations herein alleged under 42 U.S.C. §1983, are substantive due process violations based on official conduct which shocks the conscience and "may not take place no matter what procedural protections accompany them." Wilson v.Beebe 770 F.2d 578, 587 (6th Cir. 1985).

15. Defendant's conduct deprived Plaintiff of rights secured under federal law. See Handy-Clay v City of Memphis, 695 F. 3d 531, 539 (6th Cir 2012) ) citing Friz v Charter Twp of Comstock, 592 F. 3d 718, 722 (6th Cir 2010)).

3

16. Plaintiff at all relevant times herein alleged was engaged in constitutionally protected conduct, including giving testimony and pursuing a career as a police officer.

17. Defendant at all relevant times engaged in retaliatory conduct and adverse actions against Plaintiff that would deter an average person of ordinary firmness from continuing to engage in the constitutionally protected conduct of which Plaintiff was engaged.

18. The adverse actions taken by Defendant were motivated at least in part by Plaintiff's protected conduct and his protected status as a Caucasian.

19. The adverse action was proximately caused by Defendant's acts, which were "motivated in substantial part" by Defendant's desire to punish Plaintiff for exercise of a constitutional right, to wit performing his sworn duties as a police officer by arresting Defendant's Mayor's son Gregory Yopp and giving sworn truthful testimony as a subpoenaed witness.

20. Defendant was fully aware of Plaintiff's engagement in constitutionally protected conduct when it took adverse employment action against Plaintiff. "[T]he chronology of events in this litigation supports an inference of causation," including "temporal proximity between the speech and the adverse action." Handy–Clay 695 F. 3d at 545-46; see also, King v. Zamiara, 680 F. 3d 686, 695 (6th Cir 2012).

21. Under state law the Plaintiff had not only a right to arrest Defendant Mayor's son for involvement in a crime but also had a duty under his job specifications with Defendant. See MCL §15.364; MCL §764.15(a). Also see Highland Park Police Department General Order 12-004 Arrest Procedures, which provides in part: "An officer has a duty to investigate crime."

22. Under state law the Plaintiff is protected from being subjected to adverse employment actions by Defendant in retaliation for Plaintiff performing his job in arresting the

Defendant Mayor's son Gregory Yopp and for testifying truthfully in relation to Plaintiff's involvement in the arrest and prosecution of the Mayor's son. See MCL §15.364.

23. However, state remedies for redressing the wrongs are nevertheless inadequate because the state statute MCL §15.364, provides an only 90 day statute of limitations and by the time Plaintiff discovered his constitutional injury more than 90 days had elapsed.

24. The constitutional violations herein alleged is not merely a property interest taken as a result of a random unauthorized act by Defendant. This case involves an intentional, substantive violation of Plaintiff's privacy rights and property rights and freedom of speech.\

25. The adverse actions taken by Defendant were motivated at least in part by Plaintiff's exercise of Constitutional rights including speech and employment. The discriminatory treatment against Plaintiff was intentional, severe, pervasive conduct constituting a hostile working environment.

26. By virtue of the premises herein alleged Defendant violated Plaintiff's constitutional rights to a nondiscriminatory work environment and freedom to testify truthfully and freely without retaliation.

27. The constitutional rights violated by Defendant as herein alleged were clearly established at the time of Defendant's wrongful acts.

28. Defendant was not engaged in a discretionary function when it committed the discriminatory acts alleged herein violating Plaintiffs' constitutional and statutory rights.

29. The working conditions for Plaintiff implemented by Defendant were "sufficiently severe or pervasive to alter and did in fact alter the conditions of Plaintiff's employment. Pa. State Police v. Suders, 542 U.S. 129, 133, 124 S.Ct. 2342, 2347, 159 L. Ed 2d 204 (2004).

30.     On or about January 14, 2018, the Plaintiff was on duty acting in his capacity as a sergeant for the Defendant City of Highland Park police department. On said date, Plaintiff, was dispatched to 13234 Woodward Ave, in Highland Park Michigan concerning a male slumped over the steering wheel of a Chevy Tahoe vehicle at said location.

31.     Upon arrival said detective Bartynski noticed and was advised that the aforesaid vehicle was still in gear with a male slumped over the steering wheel and with his foot on the brake.

32.     On said date, Plaintiff Bartynski positioned his patrol vehicle in front of said Chevy Tahoe vehicle preventing it from entering the roadway and potentially causing injury to persons or damage to property.

33.     The driver of said Chevy Tahoe vehicle, later identified as Gregory Yopp (the son of Highland Park Mayor Hubert Yopp), had his right hand on the steering wheel of said vehicle and his head was tilted back against the head rest.

34.     The vehicle was running and appeared to be in gear.

35.     The aforesaid driver, later identified as Gregory Yopp (the son of Highland Park Mayor Hubert Yopp), appeared to be sleeping or unconscious.

36.     Plaintiff Bartynski knocked on the window of said vehicle and ultimately the driver Gregory Yopp awakened.

37.     Upon Yopp's awakening the vehicle began to move forward whereupon Plaintiff yelled at the driver, instructing him to place the vehicle in park, and he complied.

38.     Gregory Yopp then put down the window of said vehicle and uttered something unintelligible, he appeared to be sleepy, and had slurred speech.  Said Gregory Yopp was rocking back and forth while in the vehicle and continued to open and close his eyes.

39. Plaintiff Bartynski then noticed a young child in the back seat of said vehicle and thereupon said Plaintiff removed the driver G. Yopp from the vehicle and placed him on the ground and in handcuffs.

40. Plaintiff then ordered his reserve officer Marshall to remove the child and secure him in the patrol vehicle, and officer Marshall complied.

41. Plaintiff then checked the suspect Gregory Yopp for safety and discovered what appeared to be illegal narcotics including marijuana and (3) white RX pills.

42. Gregory Yopp then advised Plaintiff that he was the son of Mayor Hubert Yopp and a reserve officer Reeves requested that a supervisor make the scene.

43. Gregory Yopp was then secured in the back of a patrol vehicle while the officers awaited the arrival of a supervisor.

44. Moments later a Cpl Ochs arrived on the scene and was briefed on the situation. Cpl Ochs contacted a supervisor Sgt Dupuis who advised that Gregory Yopp was to be arrested.

45. This action by Plaintiff as well as other activity by Plaintiff was protected activity under State Law. See Whistle Blower Protection Act. MCL §15.364.

46. Plaintiff following orders from his supervisor arrived at the home of 30th District Court Judge Officer and gave testimony in support of a warrant for G. Yopp's arrest.

47. Plaintiff secured a warrant for the arrest of the Mayor's son G. Yopp. and then transported G. Yopp to the hospital for a blood draw pursuant to the arrest and search warrant obtained from Judge Officer.

48. Subsequently, on or about February 12, 2019, Plaintiff testified truthfully and against Gregory Yopp at a deposition in litigation pertaining to a whistle blower protection complaint against Defendant.

## **RETALIATION FACTS**

49. On or about December 20, 2018, Plaintiff was subjected to a completely baseless allegation of time card fraud and threatened with criminal prosecution by Internal Affairs Investigator Charles Lackey.

50. Prior to arresting the Mayor's son, Plaintiff submitted approximately the same amount of overtime hours, sometimes more and the OT hours were never questioned.

51. Other officers with similar responsibilities as Plaintiff, submitted OT hours more than double the OT hours submitted by Plaintiff and their OT hours were never questioned and they were not threatened with criminal prosecution.

52. Plaintiff's overtime hours are and were accurate and reasonable and consistent with officers under similar circumstances and Defendant never had any basis whatsoever for accusing Plaintiff or investigating him for time-card fraud or threatening him with a criminal investigation.

53. During the aforementioned internal affairs investigation Plaintiff was also investigated for "seeking medical attention during working hours."

54. There was no legal, procedural or factual basis for any of these investigations, in fact Plaintiff's request to seek medical attention "during work hours," was pre-approved by Plaintiff's commanding officer Lt. Edwards. Upon information and belief no other officer (including Plaintiff) has ever been investigated for such conduct and officers do seek medical attention "during work hours."

55. Plaintiff has requested medical attention "during work hours" previously and this did not result in an internal affairs investigation.

56. On or about January 4, 2019, Plaintiff was invited to attend a luncheon at the HPFD. Plaintiff rearranged his schedule to attend said luncheon. Prior to the luncheon, Plaintiff was advised by three co-workers that he should not attend because Mayor Yopp would be in attendance.

57. Since Plaintiff arrested G. Yopp's, Mayor Yopp has refused to even speak to or acknowledge Plaintiff when they encounter each other, including situations where Plaintiff is assigned to duties that necessitate Plaintiff interacting with Mayor Yopp.

58. Plaintiff has been harassed on social media by Defendant's Mayor.

59. On November 4, 2018, Defendant's Mayor Yopp uploaded a video on social media (Youtube) See https://www.youtube.com/watch?v=cliSZWHUY78, in which Mayor Yopp publicly refers to Plaintiff as a "rogue" officer and indicates his intention to have Plaintiff decertified by MCOLES and put pressure on Plaintiff to have him fired.

60. On or about January 9, 2019, Plaintiff was again contacted by Charles Lackey of Internal Affairs and advised he was being investigated for neglect of duty.

61. Plaintiff was advised by Mr. Lackey of Internal Affairs that he {Plaintiff) was being investigated for every case he was assigned to from 2018 through 2019.

62. No other similarly situated officers have been relentlessly investigated in the fashion and to the same extent as Plaintiff.

63. Plaintiff has repeatedly complained of his maltreatment and hostile work environment to his superiors and Defendant failed neglected and refused to investigate or otherwise properly address the disparate treatment.

64. Since his arrest of Mayor' Yopp's son, Plaintiff has been subjected to multiple frivolous internal investigations, and threatened with termination and criminal prosecution and attempted decertification as a police officer in the State of Michigan.

65. Defendant's unrelenting harassment of Plaintiff, materially changed and adversely affected Plaintiff's working terms and conditions which no reasonable person would endure, Plaintiff was forced to resign his employment on June 24, 2019.

66. At all times herein alleged Plaintiff was engaged in constitutionally protected conduct pursuing his chosen profession of enforcing the law and reporting wrongdoers to proper law enforcement authorities.

67. The adverse actions taken by Defendant against Plaintiff would "deter a person of ordinary firmness from continuing to engage in that conduct."

68. The adverse actions taken by Defendant against Plaintiff was motiv-ated at least in part by the Plaintiff's protected conduct as herein alleged.

69. The adverse actions by Defendant against Plaintiff were proximately caused by Defendant's acts and the individuals taking the acts were motivated in substantial part by a desire to punish Plaintiff for his exercise of a constitutional right.

70. The Defendant at all relevant times knew of Plaintiff's protected conduct.

71. The chronology of events including temporal proximity between the protected activity of reporting and arresting law breakers and pursuing his chosen profession and speech, supports an inference of causation.

72. There is in fact a causal connection between Plaintiff's protected activity and speech and Defendant's retaliation and adverse employment actions.

73. Defendant employed no process prior to implementing its retaliatory employment actions against Plaintiff and the actions taken against Plaintiff by Defendant are nevertheless illegal even if accompanied by a pre-*de-facto* termination and pre-hostile work environment, procedural due process hearing.

74. State law remedies for posts deprivation in Michigan are inadequate and the Defendant municipality (state) did not afford Plaintiff adequate procedural rights prior to depriving him of his property interest in his continued employment.

### COUNT I VIOLATION OF 42 U.S.C. §1983

75. Plaintiff hereby re-alleges and incorporate by reference the allegations contained in paragraphs 1 through 70 word for word paragraph for paragraph as if fully re-stated herein.

76. By virtue of the premises as hereinbefore alleged, Defendant is guilty of violation of the Plaintiff's First Amendment rights of free speech under the United States Constitution and is liable to Plaintiff for damages including punitive damages pursuant to 42 U.S.C. §1983.

77. By virtue of the premises as hereinbefore alleged, Defendant is guilty of punishing Plaintiff in retaliation for his exercise of a constitutional right, to wit performing his sworn duties as a police officer and pursuit of his chosen profession and giving truthful testimony, in violation of the Plaintiff's procedural due process rights under the Fifth and Fourteenth Amendments of the U. S. Constitution and is liable to Plaintiff for damages including punitive damages pursuant to 42 U.S.C. §1983.

78. By virtue of the premises hereinbefore alleged Defendant has violated and deprived Plaintiff of his liberty and property rights protected by the Due Process Clause under the First, Fifth and Fourteenth Amendments of the U. S. Constitution.

79. Defendant provided Plaintiff with no procedural rights whatsoever, prior to depriving him of his liberty interest and property interest respecting Plaintiff's employment.

80. Nevertheless, there is no process or procedure that could legally justify depriving Plaintiff of his employment or subjecting Plaintiff to an intolerable work environment in retaliation

for his exercising his right to testify, pursue his chosen career employment and perform his job according to state law and arrest procedures developed by Defendant's police department.

81. Plaintiff's right to pursue a career as a law enforcement officer is a right of property which the law protects against intentional and unjustifiable interference.

82. Defendant intentionally and without justification interfered with Plaintiff's property, liberty and speech rights by maliciously, intentionally and without justification violated Plaintiff's rights as herein alleged.

83. In furtherance of its illegal custom and policy as herein alleged Defendant as Plaintiff's employer constructively discharged, and published lies, innuendo, and false and inaccurate statements about the reasons for Plaintiff's constructive discharge and removal from his positions and employment with Defendant.

84. Defendant intentionally and without justification violated Plaintiff's right of free speech and his right to testify truthfully by its actions as hereinbefore alleged.

85. Defendant discriminated against Plaintiff regarding the Plaintiff's compensation, terms, conditions, rank, location and/or privileges of her employment because the Plaintiff exercised his free speech rights to report verbally and/or in writing, a violation or a suspected violation of a law of this state, or a political subdivision of this state, or the United States to a public body, to wit, Defendant's legal department and city attorney and others including, *inter alia*, the Public Integrity Unit of the State of Michigan. All of said speech was protected speech under the United States Constitution.

86. Defendant is therefore liable to Plaintiff for damages based upon Defendant's violation of Plaintiff's First Amendment Rights of free speech and pursuant to 42 U.S.C. §1983.

**RELIEF**

Wherefore, Plaintiff respectfully prays that this Honorable Court will enter judgment in Plaintiff's favor and against Defendant for $500,000.00 or for whatever sum of money to which Plaintiff is found to be lawfully entitled plus awarding Plaintiff costs, attorney fees, equitable relief, punitive damages and whatever other relief, including reinstatement of Plaintiff's employment with full back pay to which Plaintiff is lawfully and/or equitably entitled.

January 7. 2021                                          Respectfully submitted,

*Robin Kyle*
Robin H. Kyle (P3330)
Attorney For Plaintiff Keath B. Bartinski
1701 Balmoral Dr
Detroit, Michigan 48203
Off: 313-826-0155
Cell: 313-492-2691
robinhkyle@comcast.net
kyleassocpc@gmail.com

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

Keath B. Bartynski

    *Plaintiff,*                                      Case No.
                                                                              Judge

v

City of Highland Park,
a municipal corporation

    *Defendants*.

_____/

## PLAINTIFF'S JURY DEMAND

Now comes the Plaintiff Keath B. Bartynski by and through her undersigned attorney Robin H. Kyle, and hereby demands a trial by jury on all issues so triable in the above referenced matter.

January 7, 2021                                                         Respectfully Submitted,

                                                                                *Robin Kyle*
                                                                                Robin H. Kyle, (P33330)
                                                                                Attorney For Plaintiff Keath Bartinski
                                                                                1701 Balmoral Dr
                                                                                Detroit, Michigan 48203
                                                                                Off: 313-826-0155
                                                                                Cell: 313-492-2691
                                                                                robinhkyle@comcast.net
                                                                                kyleassocpc@gmail.com